IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD SANDERS,

                                                                                             ORDER

                      Plaintiff,

                                                                       09-cv-673-bbc

       v.

Dr. JAMES SCHNEIDER,
Attorney General ERIC HOLDER and
UNITED STATES OF AMERICA,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief in which plaintiff, a resident of Madison, Wisconsin, alleges that defendants have failed to provide him with adequate medical care. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and

1

  costs.

-  Substantial assets or debts require individual consideration.

In this case, plaintiff has no dependents. His monthly income is $985, which makes his annual income $11,820. Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

 In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

 Plaintiff's complaint in this case is similar to one that he filed a few weeks ago in this court. <u>Sanders v. Shineski</u>, 09-cv-623-bbc.[1] In both cases, plaintiff complains about inadequate medical treatment he has received at the Madison Veterans Hospital, including a failure to remove bullet fragments from his body. However, in this case, he includes different defendants and adds new allegations about a failure to treat a broken leg and a refusal to provide "hormone treatment."

---

[1] Because of the similarities in the cases, the court sent plaintiff a letter asking him to clarify whether he intended to file a new lawsuit or an amended complaint in case no. 09-cv-623-bbc. In plaintiff's response, he stated that he is filing a new lawsuit. The clerk of court has docketed both the court's letter and plaintiff's response to it as attachments to plaintiff's complaint. Dkt. #1.

Like case no. 09-cv-623-bbc, plaintiff's complaint in this case has two procedural problems. First, two of the three defendants may not be sued for medical malpractice. The Federal Tort Claims Act provides the exclusive remedy for any individual seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government, 28 U.S.C. § 2679(a), including medical malpractice by employees of the Veterans Administration. 38 U.S.C. § 7316. The United States is the only proper defendant in an action under the Act. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688 (7th Cir. 2008).

It would be easy enough to amend the caption, but plaintiff's complaint has another problem as well. He fails to make any showing that he exhausted his administrative remedies as required by 28 U.S.C. § 2675. Under that statute, plaintiff may not bring a claim in federal court until he has "first presented the claim to the appropriate Federal agency," which means he must "provid[e] written notification of an incident and reques[t] money damages in sum certain." Deloria v. Veterans Administration, 927 F.2d 1009, 1011 (7th Cir. 1991). A plaintiff has two years after the claim accrues to present his claim to the federal agency. 28 U.S.C. § 2401(b).

"The usual practice under the Federal Rules is to regard exhaustion as an affirmative defense" that may be waived. Jones v. Bock, 549 U.S. 199 (2007). However, in McNeil v. United States, 508 U.S. 106, 113 (1993), the Supreme Court upheld a decision of the Court of Appeals for the Seventh Circuit affirming the district court's decision to dismiss a tort claim action for lack of jurisdiction because the plaintiff had failed to satisfy the exhaustion

3

requirement under the Federal Tort Claims Act. The court of appeals repeated its holding that the Act's exhaustion requirement is a jurisdictional prerequisite to a suit in Sullivan v. United States, 21 F.3d 198, 206 (7th Cir. 1994) (citing Deloria, 927 F.2d at 1011). Because those decisions have not been overturned by Jones, I am bound by them.

ORDER

IT IS ORDERED that plaintiff Gerald Sanders may have until December 1, 2009, to show that he has exhausted his administrative remedies as required by 28 U.S.C. § 2675. If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 17th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge